Theodore MITCHELL, Appellant,

v.

Jay NIXON, Respondent.

No. WD 73321.

Missouri Court of Appeals,
Western District.

July 19, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 2011.

Application for Transfer Denied
Dec. 6, 2011.

Theodore Mitchell, Appellant pro se.

Michael J. Spillane, for Respondent.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Judge.

Theodore Mitchell, acting *pro se*, appeals from a judgment on the pleadings entered in the Circuit Court of Cole County in a declaratory judgment action filed by Mitchell to have § 558.011 declared unconstitutional. For the following reasons, the judgment is affirmed with modification.

In 2003, Mitchell was convicted of one count of sodomy and sentenced to a term of ten years imprisonment for an offense committed on November 27, 2001. After Mitchell failed to complete the sex offender treatment program, following a hearing before the Board of Probation and Parole ("the Parole Board"), on December 10, 2009, Mitchell was informed by the Parole Board that he would not be conditionally released and would have to serve his entire ten-year sentence.

Mitchell subsequently filed a declaratory judgment action in the Circuit Court of Cole County seeking a declaration that § 558.011 is unconstitutional because it allows the Parole Board to usurp the role of the judiciary and increase his sentence. He further claimed that appearing before

the Parole Board and being denied conditional release violated the prohibition against double jeopardy and denied him the right to jury trial and counsel. The State answered Mitchell's petition and filed a Motion for Judgment on the Pleadings. The circuit court granted the State's motion for judgment on the pleadings, concluding that Mitchell's claims were barred by the statute of limitations contained in § 516.110.

In the sole point on appeal, Mitchell claims that the trial court erred in entering judgment on the pleadings because, in considering a judgment on the pleadings, the court was required to accept his pleaded claim that his constitutional rights were violated by § 558.011. He further contends that a state statute of limitations cannot bar redress for a violation of his constitutional rights.

■ "On appeal of a judgment on the pleadings we review the petition of the losing party to determine if the facts pled were insufficient as a matter of law." *Dykes v. Missouri Dep't of Corrections,* 325 S.W.3d 556, 558 (Mo.App. W.D.2010) (internal quotation omitted). "The grant of judgment on the pleadings is upheld where, holding all facts alleged in the opposing party's petition as true, the moving party was entitled to judgment as a matter of law." *Id.* (internal quotation omitted).

■ "This court on appeal is primarily concerned with the correctness of the result, and not the route taken by the trial court to reach it." *Felling v. Giles,* 47 S.W.3d 390, 393 (Mo.App. E.D.2001). Accordingly, we will "affirm on any ground sufficient to sustain the judgment and are not limited to the grounds relied on by the trial court."[1] *Id.*

In his petition, Mitchell claimed that § 558.011 is unconstitutional because it violates the constitutional principle of separation of powers set forth in Article II, § 1 of the Missouri Constitution by allowing the Parole Board, an administrative agency in the executive branch, to usurp the role of the judiciary. Mitchell further claimed that he was exposed to double jeopardy in violation of the 5th Amendment to the United States Constitution when he was made to go before the parole board and the parole board increased his sentence. In addition, he contended that he was denied his right to jury trial and to counsel under the 6th Amendment to the United States constitution when the parole board heard his case without a jury and without appointing him an attorney. Finally, Mitchell argued that § 589.040 does not give the parole board the authority to deny him parole for failure to complete the sexual offender program. These claims, on their face and as a matter of law, were wholly without merit and justified entry of a judgment on the pleadings.

■ With regard to his separation of powers argument, our Supreme Court long ago rejected the argument that the exercise of judicial or quasi-judicial powers by

---

1. In its brief, the State acknowledges that the trial court may have erroneously relied on *Rentschler v. Nixon,* 311 S.W.3d 783, 786–87 (Mo. banc 2010), in determining that Mitchell's claims were barred by the statute of limitations. As conceded by the State, *Rentschler's* analysis of the application of the statute of limitations was couched entirely in the context of a procedural attack on the passage of the bill containing § 558.011 rather than the constitutionality of the substance of the statute. *Id.* Accordingly, it is highly questionable whether *Rentschler* has any application to the claims asserted in Mitchell's petition. Such a claim of error has not, however, been raised by Mitchell on appeal. Having concluded that judgment on the pleadings should be affirmed on the merits, we need not address the application of the statute of limitations to bar Mitchell's substantive constitutional claims.

an administrative agency violated the separation of powers clause, stating:

> The purpose of the separation of powers clause is to prevent the concentration of unchecked power in the hands of one branch of government. The separation of powers clause proscribes the exercise of powers or duties constitutionally assigned to one department by either of the other two. This language, however, does not erect an impenetrable wall of separation between the departments of government. Administrative agencies often perform judicial or quasi-judicial functions in response to the complexities of modern government, economy and technology. This delegation of administrative decisional authority is not only possible but desirable. The delegation of functions normally associated with the judiciary, such as determining facts, applying the law, and entering judgments does not violate the separation of powers clause because the provision primarily separates powers, not functions.

*Dabin v. Director of Revenue,* 9 S.W.3d 610, 613 (Mo. banc 2000) (internal quotations and citations omitted).

■ Mitchell's claims related to the 5th and 6th amendment are likewise meritless as a matter of law. Contrary to Mitchell's assertions, he was not exposed to a second trial for his offenses, nor was he exposed to additional punishment, when he appeared before the Parole Board. The issue being determined by the Parole Board was whether Mitchell should be conditionally released before his judicially imposed sentences had been completed, as it was authorized to decide under § 558.011.5.[2] "A prisoner has no constitutional or inherent right to be conditionally released before the expiration of a valid

sentence." *Johnson v. Missouri Board of Probation & Parole,* 92 S.W.3d 107, 114 (Mo.App. W.D.2002) (internal quotation omitted). Accordingly, Mitchell was not exposed to double jeopardy, nor was he improperly denied counsel or a jury.

■ We next turn to Mitchell's argument that § 589.040 does not give the parole board the authority to deny him parole for failure to complete the sexual offender program. That section requires sexual offenders to complete the program and most certainly does not prohibit the Parole Board from denying conditional release to an inmate that fails to satisfy that requirement. Pursuant to § 558.011.5, the Parole Board has the statutory authority to extend Mitchell's conditional release date for failing to complete the sex offender program or for the failure to follow any of the rules and regulations established by statute or by Department of Corrections policy. *Spencer v. State,* 334 S.W.3d 559, 569 n. 8 (Mo.App. W.D.2010).

■ Finally, we note that Mitchell's assertion on appeal that the trial court had to have found a constitutional violation in order to grant judgment on the pleadings is meritless. As noted by Mitchell, "[t]he party that moves for judgment on the pleadings admits, for purposes of the motion, the truth of all *well-pleaded facts* in the opposing party's pleadings." *Good Hope Missionary Baptist Church v. St. Louis Alarm Monitoring Co.,* 306 S.W.3d 185, 191 (Mo.App. E.D.2010) (emphasis added). However, the movant does not admit to legal conclusions or construction of the subject matter. *Id.* Whether Mitchell's constitutional rights were violated under the facts pleaded and whether the statute is, in and of itself, unconstitutional

---

**2.** "The date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole." *§ 558.011.5,* RSMo Cum. Sup.2009.

are conclusions of law. The trial court clearly did not implicitly find that Mitchell's constitutional rights had been violated in granting judgment on the pleadings as Mitchell now claims.

For the foregoing reasons, we conclude that, on the face of Mitchell's petition, judgment on the pleadings was properly granted by the trial court. In rendering that judgment, however, the trial court failed to include a declaration that § 558.011 did not violate article II, § 1 of the Missouri Constitution or the 5th or 6th Amendments to the United States Constitution, thereby failing to expressly address the request for a declaration before it.[3] Pursuant to our authority under Rule 84.14 to enter such judgment as the trial court should have, we hereby modify the judgment to include such a declaration.

All concur.

**3.** The trial court addresses the statutory authority argument as an alternative basis for its judgment but fails to mention the merits of the constitutional claims.