**James VAUGHAN, Kurt Harris, and James Geitz, Appellants,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.**

**No. WD 74345.**

Missouri Court of Appeals, Western District.

June 26, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 2012.

James Vaughan, Appellant Pro–se.

Kurt Harris, Appellant Pro–se.

James Geitz, Appellant Pro–se.

Michael J. Spillane, for Respondent.

Before Division One: JOSEPH M. ELLIS, Presiding Judge, JAMES E. WELSH, Judge and ALOK AHUJA, Judge.

JOSEPH M. ELLIS, Judge.

Appellants James Vaughan, Kurt Harris, and James Geitz appeal from a judgment entered by the Circuit Court of Cole County granting the Missouri Department of Corrections' motion for judgment on the pleadings. For the following reasons, we affirm.

Appellants are three convicted sex offenders who committed their crimes prior to January 1, 1995, the effective date of Missouri's Sex Offender Registration Act ("SORA"), § 589.400.[1] On November 17, 2010, Appellants filed their petition for declaratory judgment seeking a declaration that Appellants could not be held liable or punished for failing to register as sex offenders in Missouri because they committed their crimes prior to SORA's enactment date and had not traveled in interstate commerce since July 27, 2006, the effective date of the federal Sex Offender Registration and Notification Act ("SORNA"). Prior to filing their petition, Appellants were incarcerated[2] and had been warned by the Missouri Department of Corrections ("Respondent") that Appellants' failure to register as sex offenders would result in a Class C felony for which Appellants could face up to seven years in prison.

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. Since the filing of their petition, Appellant James Vaughan has been released from prison, but avers that he has not traveled in interstate commerce since his release.

On June 3, 2011, Respondent filed a motion for judgment on the pleadings, asserting that the fact that Appellants had not traveled in interstate commerce since 2006 has no bearing on whether sex offenders must register as sex offenders in Missouri pursuant to SORNA. On August 9, 2011, the circuit court granted Respondent's motion for judgment on the pleadings, concluding that, as a matter of law, Appellants must register as sex offenders in Missouri and are subject to criminal penalties if they fail to do so. Appellants timely filed their appeal.

■ In their sole point on appeal, Appellants contend that the trial court erred in entering judgment on the pleadings because they cannot be prosecuted under Missouri law for failing to register as sex offenders pursuant to SORNA because they have not traveled in interstate commerce. "On appeal of a judgment on the pleadings we review the petition of the losing party to determine if the facts pled were insufficient as a matter of law." *Mitchell v. Nixon*, 351 S.W.3d 676, 679 (Mo.App. W.D.2011) (internal quotation omitted). "The grant of judgment on the pleadings is upheld where, holding all facts alleged in the opposing party's petition as true, the moving party was entitled to judgment as a matter of law." *Id.* (internal quotation omitted).

In their petition, Appellants sought a declaratory judgment stating that Appellants have "no liability and are subject to no punishment if they failed to register under [SORA] in the absence of any subsequent interstate or foreign travel." Appellants claimed they could not be punished for failing to register as sex offenders in Missouri because (1) they committed their crimes prior to SORA's January 1, 1995 effective date, thus making SORA's registration requirements unconstitutionally retrospective as applied to them and (2)

they had no duty to register pursuant to SORNA because they had not travelled in interstate or foreign commerce since SORNA's enactment. Appellants' claim, on its face and as a matter of law, is without merit and justified entry of judgment on the pleadings.

Appellants correctly assert that they cannot be required to register as sex offenders in Missouri pursuant to SORA because SORA's registration requirements are unconstitutionally retrospective as to persons like them "who were convicted or pled guilty prior to [SORA's] January 1, 1995, effective date." *Doe v. Phillips*, 194 S.W.3d 833, 852 (Mo. banc 2006). Appellants further recognized that "SORNA imposes an independent obligation requiring [persons] to register as sex offenders in Missouri" even when requiring that individual to register pursuant to SORA would be unconstitutionally retrospective. *Doe v. Keathley*, 290 S.W.3d 719, 720 (Mo. banc 2009). Nonetheless, in reliance on *Carr v. United States*, —— U.S. ——, 130 S.Ct. 2229, 176 L.Ed.2d 1152 (2010), Appellants claimed they had no duty to register pursuant to SORNA because they had not traveled in interstate commerce since SORNA's enactment in 2006.

This court, however, clearly rejected Appellants' argument in *Doe v. Keathley*, 344 S.W.3d 759, 769 (Mo.App. W.D.2011) [hereinafter *Keathley II*]. In *Keathley II*, a Missouri resident argued that, "because the State failed to prove that he traveled in interstate commerce after SORNA's passage, he [was] not required to register" as a sex offender in Missouri. *Id.* We found that "*Carr* merely held that, to be subject to *federal criminal prosecution* under 18 U.S.C. § 2250, an individual must have traveled in interstate or foreign commerce subsequent to [SORNA's] passage." *Id.* (emphasis in original). Thus, we held that a sex offender's obligation to register

pursuant to SORNA is not dependent on his having engaged in interstate travel after SORNA's enactment. *Id.* Accordingly, Appellants argument that they are not required to register as sex offenders in Missouri because they had not traveled in interstate commerce since SORNA's enactment was without merit, and the trial court correctly entered judgment on the pleadings.

Now, on appeal, Appellants concede that they are required to register pursuant to SORNA regardless of whether they have traveled in interstate commerce since SORNA's enactment. Nevertheless, in reliance on *Reynolds v. United States,* — U.S. ——, 132 S.Ct. 975, 181 L.Ed.2d 935 (2012), Appellants assert that they still cannot be prosecuted under Missouri law for failing to register as sex offenders in Missouri because SORNA's registration requirements do not apply to sex offenders convicted before SORNA's enactment. Appellants, however, failed to make this argument before the trial court. "This court will not, on review, convict a lower court of error on an issue which was not put before it to decide." *Jordan v. City of Centerville,* 119 S.W.3d 214, 217 n. 6 (Mo. App. S.D.2003). Thus, Appellants' argument regarding the applicability of SORNA's registration requirements to persons convicted prior to SORNA's enactment cannot be reviewed by this court.

We gratuitously note, however, that Appellants' argument regarding the applicability of SORNA's registration requirements to pre-SORNA offenders has been rejected by numerous courts. Although the United States Supreme Court did hold that SORNA's registration requirements do not apply to sex offenders convicted before SORNA's enactment until the United States Attorney General so specifies, *see Reynolds,* 132 S.Ct. at 984, courts since *Reynolds* have found that

SORNA's registration requirements became effective with respect to sex offenders convicted before SORNA's enactment on August 1, 2008, when the Attorney General published final rules and regulations concerning SORNA. *See United States v. Stevenson,* 676 F.3d 557, 566 (6th Cir.2012) (finding that "SORNA became retroactive to pre-enactment offenders on August 1, 2008," thirty days after the Attorney General issued the final Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking Guidelines ("SMART guidelines")); *United States v. Mee,* No. 5:11–CR–101, 2012 WL 1638436 at *6 (D.Vt. May 9, 2012) (denying defendant's motion to dismiss his indictment because he was indicted well after the Attorney General's SMART guidelines became effective on August 1, 2008); *United States v. Sudbury,* No. 11–cr–5536 RBL, 2012 WL 925960 at *3 (W.D.Wash. Mar.19, 2012) (noting that "it was the Attorney General's promulgation of a final rule in August 2008, rather than the interim rule of February 2007, that made SORNA applicable to pre-Act offenders"); *United States v. Brown,* No. 11–174, 2012 WL 604185 at *1 n. 3 (W.D.Pa. Feb.24, 2012) (noting that the Attorney General's final regulations and implementations of SORNA became effective in 2008). Therefore, Appellants' argument that SORNA's registration requirements are not applicable to persons convicted prior to SORNA's enactment is without merit. Point denied.

Judgment affirmed.

All concur.