

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| BILLY J. REYNOLDS AND JODY MILLER, | ) |
| | ) |
| | ) WD78109 |
| Appellants, | ) |
| | ) OPINION FILED: July 28, 2015 |
| v. | ) |
| | ) |
| MISSOURI BOARD OF PROBATION AND PAROLE, ET AL., | ) |
| | ) |
| | ) |
| Respondents. | ) |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Daniel R. Green, Judge

Before Division One: Cynthia L. Martin, Presiding Judge, Joseph M. Ellis, Judge and
James E. Welsh, Judge

Billy J. Reynolds ("Reynolds") and Jody Miller ("Miller") (collectively referred to as "Appellants") appeal from a grant of summary judgment in favor of the Missouri Board of Probation and Parole ("Board") and Matt Strum, the Director of the Division of Offender Rehabilitative Services for the Missouri Department of Corrections ("Director") on the Appellants' petition challenging the Board's extension of conditional release dates

due to Appellants' failure to satisfactorily complete the Missouri Sexual Offender Program ("MoSOP"). Finding no error, we affirm.

## Factual and Procedural Background

We view the record below in the light most favorable to the Appellants against whom summary judgment was entered. *Hammack v. Coffelt Land Title, Inc.*, 284 S.W.3d 175, 177-78 (Mo. App. W.D. 2009).

On November 7, 2005, Reynolds was sentenced following his convictions of two counts of statutory rape for offenses that occurred on August 10, 2003. Reynolds received a six year sentence on each count to be served consecutively in the Department of Corrections ("DOC").

On November 20, 2006, Miller was sentenced following his convictions of two counts of statutory sodomy for offenses that occurred on June 27, 2003, and one count of statutory sodomy for an offense that occurred on August 31, 2004. Miller received a five year sentence on each count with one of the sentences to be served consecutively to the concurrent service of the other two sentences in the DOC.

In April of 2013, the Board extended the conditional release dates calculated for Reynolds's and Miller's sentences to their maximum release dates because Reynolds and Miller failed to satisfactorily complete MoSOP. Reynolds's maximum release date is May 7, 2017, and Miller's maximum release date is October 6, 2016.

On September 23, 2013, the Appellants filed a petition for declaratory judgment in the Circuit Court of Cole County, Missouri asserting three counts: (1) that the Director failed to satisfy a condition precedent to the right to file a petition seeking to extend their

2

conditional release dates because neither Reynolds nor Miller was charged with or found guilty of failing to follow a rule or regulation as required by section 558.011.5;[1] (2) that the Board's reliance on an amended version of section 589.040 to render the Appellants ineligible for **parole** violated the constitutional prohibition against *ex post facto* laws;[2] and (3) that the Board's reliance on an amended version of section 589.040 to render the Appellants ineligible for **conditional release** violated the constitutional prohibition against *ex post facto* laws. In summary, the Appellants alleged that satisfactory completion of MoSOP is not a "rule or regulation" permitting the Board to exercise its discretion to extend conditional release dates under section 558.011.5. And the Appellants alleged that the Board was constitutionally prohibited from relying on section 589.040 which, following its amendment in 2011, expressly prohibits the grant of parole or conditional release to any sexual offender who fails to satisfactorily complete MoSOP.

The Board and the Director filed a motion for summary judgment ("Motion"). The Motion alleged as an uncontroverted fact that the DOC's written rules and regulations governing conditional release provide that "[a]n extension petition may . . . be filed if an offender fails to complete [MoSOP]." The Appellants controverted this assertion, arguing that the DOC's written "rules and regulations" are merely "policies." The Appellants also alleged additional controverted facts. They alleged that no evidence was offered at Reynolds's conditional release extension hearing to suggest that he had

---

[1]All statutory references are to RSMo 2000, supplemented by amendments through the current date, except as otherwise noted.

[2]The federal and Missouri constitutions prohibit *ex post facto* laws. U.S. Const. art. 1, sec. 10, cl. 1; Mo. Const. art I, sec. 13. *See State v. Honeycutt*, 421 S.W.3d 410 (Mo. banc 2013) for a scholarly discussion of the *ex post facto* clause and of the constitutionally significant distinction between *ex post facto* laws and retrospective laws.

violated a "rule or regulation," and instead the evidence indicated that he violated a "policy." They alleged that Reynolds was terminated from MoSOP because his case was still on appeal, a "procedural termination"[3] and not a rule violation. Finally, the Appellants alleged that no evidence was offered at Miller's conditional release extension hearing that Miller violated a "rule or regulation." The Board and the Director did not respond to the Appellants' additional controverted facts.[4]

The trial court entered its Judgment concluding that the Board and the Director "are entitled to judgment as a matter of law and there are no genuinely disputed issues of fact material to that finding." The Judgment held that denial of conditional release based on a failure to complete MoSOP is authorized by Missouri case law; that there is no liberty interest in conditional release; that section 558.011 does not require a "conduct" violation before a conditional release hearing may be held; that the DOC's policy requiring satisfactory completion of MoSOP at the risk of losing a conditional release

---

[3]Apparently, DOC procedure D5-4.1 at III.E.3.b, Procedures, Offender Evaluation provides that: "An offender who is involved in an appeal process . . . will be viewed as not accepting responsibility and will not be allowed to graduate from phase 1." The Appellants have not challenged this procedure, and thus do not challenge that Reynolds failed to satisfactorily complete MoSOP based on application of this procedure.

[4]Proceedings challenging conditional release extensions and parole determinations are civil proceedings, not criminal proceedings. *See, e.g., McCoy v. State*, 456 S.W.3d 887, 896 (Mo. App. W.D. 2015) (holding that post-conviction motion under Rule 29.07(d) to set aside guilty plea is a civil proceeding, though filed in a criminal case); *Spencer v. State*, 334 S.W.3d 559, 574 n.12 (Mo. App. W.D. 2010) (rejecting inmate's claim of error in not being permitted to attend hearing on motion to dismiss his petition challenging extension of conditional release date because pursuant to section 491.230.2, detained inmates are not necessarily entitled to attend civil proceedings); *Brandt v. Percich*, 507 S.W.2d 951, 956-57 (Mo. App. St. L. 1974) (holding that probation revocation proceedings are "clearly not criminal proceedings"); Rule 24.035(a) and Rule 29.15(a) which provide that post-conviction proceedings thereunder are civil proceedings; *Lung v. State*, 179 S.W.3d 337, 340 (Mo. App. S.D. 2005) (explaining rationale for treating post-conviction motions as civil proceedings as they "are not steps in criminal proceedings, but are means of testing the validity of a person's detention after conviction"). As such, Rule 74.04, which addresses summary judgments in civil proceedings, is applicable to the Motion filed in connection with Appellants' lawsuit. Rule 74.04(c)(2) provides that a response to a motion for summary judgment may "set forth additional material facts that remain in dispute." Rule 74.04(c)(3) provides that a summary judgment movant "shall" admit or deny additional material facts identified by the non-movant as remaining in dispute. The Rule is silent about the effect of a failure to do so.

4

date was known to the Appellants; that there is no indication the Board relied on the 2011 amendment to section 589.040 to extend the Appellants' conditional release dates or to declare them ineligible for parole; and that even if the Board relied on the 2011 amendment to section 589.040, it did not violate the *ex post facto* clause to do so.

Reynolds and Miller filed this timely appeal.

## Standard of Review

Our Supreme Court set out the standard of review for the grant of summary judgment in *Goerlitz v. City of Maryville:*

> The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore this Court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo. ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993); Rule 74.04. In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. *Id.* Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law. *Id.* The facts contained in affidavits or otherwise in support of a party's motion are accepted "as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* Only genuine disputes as to material facts preclude summary judgment. *Id.* at 378. A material fact in the context of summary judgment is one from which the right to judgment flows.
>
> A defending party . . . may establish a right to summary judgment by demonstrating: (1) facts negating any one of the elements of the non-movant's claim; (2) "that the non-movant, after an adequate period for discovery, has not been able and will not be able to produce sufficient evidence to allow the trier of fact to find the existence of any one" of the elements of the non-movant's claim; or (3) "that there is no genuine dispute as to the existence of facts necessary to support movant's properly pleaded affirmative defense." *Id.* at 381. Each of these three methods individually "establishes the right to judgment as a matter of law." *Id.*

333 S.W.3d 450, 452–53 (Mo. banc 2011).

Here, the trial court found that there were no genuine issues of material fact in dispute preventing the entry of judgment as a matter of law in favor of the Board and the Director. However, the Appellants "controverted" one of the uncontroverted facts set forth in the Motion, and asserted additional "controverted facts" as to which the Board and the Director filed no response. Though this seems inconsistent with the trial court's determination, in fact the Appellants' response to the Motion framed disagreement over a single issue--whether the failure to satisfactorily complete MoSOP constitutes the violation of a DOC "rule or regulation." This is a legal question, not a factual question. Legal positions asserted as uncontroverted facts are insufficient to support the entry of summary judgment. *Jordan v. Peet*, 409 S.W.3d 553, 559-60 (Mo. App. W.D. 2013); *Rycraw v. White Castle Systems, Inc.*, 28 S.W.3d 495, 498 (Mo. App. E.D. 2000); *Universal Underwriters Ins. Co. v. Dean Johnson Ford, Inc*., 905 S.W.2d 529, 533 (Mo. App. W.D. 1995). Similarly, legal positions asserted as additional facts in dispute are insufficient to prevent the entry of summary judgment.

We thus agree with the trial court that there were no genuine issues of material fact in dispute in this case, permitting the entry of summary judgment in favor of the Board and the Director if otherwise supported by the law. We will affirm the Judgment on "any appropriate theory supported by the record." *Roberts v. BJC Health System*, 391 S.W.3d 433, 437 (Mo. banc 2013).

## Analysis

Reynolds and Miller raise three points on appeal. Though awkwardly drafted, we are able to distill their essence. The first point alleges that the Director had no basis to

6

file a petition asking the Board to exercise its discretion to extend the Appellants' conditional release dates because the failure to satisfactorily complete MoSOP is not a violation of a "rule or regulation" pursuant to section 558.011.5. The second point claims that it was error to grant summary judgment because extending the Appellants' conditional release dates and declaring them ineligible for parole based on a 2011 amendment to section 589.040 violates the *ex post facto* clause. The third point claims that it was error to grant summary judgment because extending conditional release dates based on the failure to complete MoSOP is punitive and not rehabilitative.

The Appellants' first point is without merit. Section 558.011.5 provides, in pertinent part, that:

> The date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole. The director of any division of the department of corrections except the board of probation and parole may file with the board of probation and parole a petition to extend the conditional release date when an offender fails to follow the rules and regulations of the division or commits an act in violation of such rules.

Section 589.040.1[5] provides:

> The director of the department of corrections shall develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual offenses. When developing such programs, the ultimate goal shall be the prevention of future sexual assaults by the participants in such programs, and the director shall utilize those concepts, services, programs, projects, facilities and other resources designed to achieve this goal.

---

[5]Though we are referring to the current version of section 589.040.1, that subsection has not been amended in any material manner since the offenses giving rise to the Appellants' convictions.

The DOC thus has a statutory responsibility to rehabilitate imprisoned offenders serving sentences for sexual offenses. "DOC developed the MoSOP to comply with section 589.040." *Spencer v. State*, 334 S.W.3d 559, 563 (Mo. App. W.D. 2010).

It is uncontested that since July 1996, DOC's written guidelines addressing conditional release and parole have provided that the failure to satisfactorily complete MoSOP *may* result in the Director's filing of a petition to extend a conditional release date pursuant to section 558.011.5. Though the written guidelines were called "rules and regulations" by the DOC prior to 2009, and are now called "procedures," the label ascribed to the guidelines is irrelevant. "DOC is charged with . . . assigning [inmates] to appropriate activities and treatment. Inmates are required to participate in the activities and rehabilitative programs prescribed by DOC." *Depauw v. Luebbers*, 285 S.W.3d 805, 807 (Mo. App. E.D. 2009) (citing section 217.337)[6]. Thus, our General Assembly has not only mandated that the DOC develop rehabilitative programs, but has also plainly mandated that inmates participate in those programs as directed. We have no problem concluding, therefore, that an inmate's failure to satisfactorily complete or participate in a rehabilitative program established by the DOC constitutes the violation of a DOC "rule or regulation" as anticipated by section 558.011.5. We have similarly held on at least two other occasions. *Mitchell v. Nixon*, 351 S.W.3d 676, 680 (Mo. App. W.D. 2011) ("Pursuant to section 558.011.5, the [Board] has the statutory authority to extend [an inmate's] conditional release date for failing to complete the sex offender program . . . .");

---

[6]Section 217.337.1 provides that "offenders shall be expected to adhere to a schedule of activities of work and rehabilitative programs as prescribed for the offender by the [DOC]," including, but not limited to "(3) Treatment programs."

8

*Spencer*, 334 S.W.3d at 569 n.8 (holding that because"[s]exual offenders are required to complete MoSOP by statute and DOC policy," the Board is "statutorily authorized to extend [a] conditional release date based on [an inmate's] failure to complete the [MoSOP]").

The Appellants' attempt to differentiate between a DOC "policy or procedure" developed in response to legislative mandate and a DOC "rule or regulation" amounts to nothing more than an exercise in meaningless semantics.

Point One is denied.

In their second point, the Appellants claim that *if* the Board relied on a 2011 amendment to section 589.040.2 to extend their conditional release dates, the Board violated the *ex post facto* clause.[7]

Prior to its amendment in 2011, section 589.040.2 provided:

> All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed pursuant to subsection 1 of this section.

The section 589.040.1 programs referred to include MoSOP. *Spencer*, 334 S.W.3d 563. The DOC's long-standing policy authorizing the Board to exercise its discretion to extend

---

[7]The Appellants' second point also claims that reliance on the amended version of section 589.040.2 to deny them parole eligibility violates the *ex post facto* clause. This was one of the claims asserted in the Appellants' declaratory judgment action, and thus one of the claims as to which summary judgment was granted. However, the only Board action at issue in this case is the decision to extend the Appellants' conditional release dates. We will not address, therefore, the Appellants' hypothetical complaint regarding the denial of parole eligibility, as that issue was not ripe for consideration by the trial court, and is not ripe for appellate review. *Missouri Health Care Ass'n v. Attorney General of the State of Mo.*, 953 S.W.2d 617, 621 (Mo. banc 1997) ("A court cannot render a declaratory judgment unless the petition presents a controversy ripe for judicial determination. . . . A ripe controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character.") (citations omitted). "A review for ripeness is . . . appropriate even where, as here, '[n]either party has raised the [specific] issue of ripeness' upon which we rely, on appeal." *Reeves v. Kander*, No. WD 78559, 2015 WL 3561588, at *2 (Mo. App. W.D. June 9, 2015) (quoting *Mo. Retired Teachers Found. v. Estes*, 323 S.W.3d 100, 104 n.8 (Mo. App. W.D. 2010)).

a conditional release date if an inmate fails to successfully complete MoSOP "is merely an enforcement mechanism for ensuring compliance with [section 589.040.2]." *Miller v. Mitchell*, 25 S.W.3d 658, 664 (Mo. App. W.D. 2000).

In 2011, section 589.040.2 was amended to provide:

All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed pursuant to subsection 1 of this section ***prior to being eligible for parole or conditional release***.

(Emphasis added.) As a result of the amendment, the Board no longer has discretion with respect to the extension of conditional release dates in the face of an inmate's failure to satisfactorily complete MoSOP. Rather, the legislature now mandates that conditional release is not available for sexual offenders who fail to satisfactorily complete MoSOP.

The Appellants contend that application of section 589.040.2 as amended to "cancel" their conditional release rights violates the *ex post facto* clause. As noted in the Judgment, it is not clear whether the Board's decision to extend the Appellants' conditional release dates was a discretionary decision made in reliance on DOC's written procedure, or a non-discretionary decision made in reliance on section 589.040.2 as amended.

If we assume, *arguendo*, that the Board's decision was made in reliance on section 589.040.2 as amended, the Appellants cannot prevail. Our Supreme Court has determined that an amended statute which eliminates eligibility for conditional release does not violate the *ex post facto* clause though applied to inmates who have already been sentenced. In *Rentschler v. Nixon*, 311 S.W.3d 783, 785 (Mo. banc 2010), several

10

inmates complained that an amendment to section 558.011 which removed certain violent felonies from those eligible for conditional release violated the *ex post facto* clause. *Ex post facto* laws are laws which are retrospective because they "apply to events occurring before [their] enactment" ***and*** which disadvantage an offender "by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997). Consistent with this principle, *Rentschler* held that "ex post facto laws only affect criminal matters--in this case, the sentence that [the inmates] received." 311 S.W.3d at 788. Section 558.011.4(1) provides that "[a] sentence of imprisonment for a term of years for felonies . . . shall consist of a prison term and a conditional release term." In other words, a "prison term" and a "conditional release term" are the potential means by which an imposed sentence can be served. *Rentschler* explained that "[a]ny modification of the *conditiona*l term cannot affect the *sentence* term originally imposed." 311 S.W.3d at 788. "Section 558.011 specifically bifurcates a conviction into "a sentence term" (which would be germane to an ex post facto consideration) and 'a conditional release term' (which is not germane)." *Id.* Because a statutory amendment which alters eligibility for conditional release does not change an inmate's imposed sentence, the *ex post facto* clause is not implicated.[8] *Id.*

---

[8]The holding in *Rentschler*, 311 S.W.3d at 788 supports our conclusion that conditional release determinations are civil proceedings because a challenge to the extension of a conditional release date is not a challenge to the sentence imposed, but is instead a challenge to the "validity of a person's detention after conviction." *Lung*, 179 S.W.3d at 340; *see also Honeycutt*, 421 S.W.3d at 424-25 (describing the test for determining whether a law is civil or criminal in nature). As such, the *ex post facto* clause has no relevance. *Honeycutt*, 421 S.W.3d at 424-25 (explaining that if a law relates to civil rights or remedies, then a court must determine whether the law is invalid because it is retrospective in its operation, where if a criminal law is at issue, then the prohibition against *ex post facto* laws applies). The distinction is important. "The Missouri prohibition of retrospective laws is broader than the federal proscription of *ex post facto* laws." *Rentschler*, 311 S.W.3d at 788. Among other things, "[i]t prohibits a law that impairs a vested right." *Id*.

11

*Rentschler* is controlling. Though the 2011 amendment to section 589.040.2 eliminated the Appellants' eligibility for conditional release if retroactively applied, it did not and could not change the sentence terms initially imposed on Appellants. The 2011 amendment to section 589.040.2 does not violate the *ex post facto* clause.

The Appellants suggest that *Rentschler* is mistaken. We do not agree, and in any event are bound to follow our Supreme Court's interpretation of federal constitutional principles. *Doe v. Roman Catholic Diocese of St. Louis*, 311 S.W.3d 818, 823 (Mo. App. E.D. 2010).

Point Two is denied.

In their third point on appeal, the Appellants argue that application of the 2011 amendment of section 589.040.2 to extend their conditional release dates is unfairly punitive and not rehabilitative. The premise of this point contravenes settled law in Missouri:

> MOSOP is not penal in nature . . . . Rather, it is a rehabilitative program which [the sex offender] is required to complete before he is eligible for parole . . . . Failure to complete the program does not add additional punishment, such as an additional sentence, beyond that which has already been imposed upon the sex offender . . . . The only effect of [the sex offender] not completing [the] MOSOP has been to extend his possible early release date.

*Spencer*, 334 S.W.3d at 571 (quoting *Winslow v. Nixon*, 93 S.W.3d 795, 800 (Mo. App. E.D. 2002) (quoting *State ex rel. Nixon v. Pennoyer*, 39 S.W.3d 521, 523 (Mo. App. E.D. 2001)) (other citations omitted)).

---

Though the Appellants argue in their Brief that they had a "vested right" to conditional release because conditional release dates are not set at the discretion of the Board, but are set automatically by operation of section 558.011.4 when sentence is imposed, this argument is not relevant to Appellants' claimed *ex post facto* violation for the reasons explained in *Rentschler*.

12

The 2011 amendment to section 589.040.2, which eliminated the Board's ability to exercise any discretion in determining whether to extend conditional release dates upon an inmate's failure to complete MoSOP,[9] does not alter this analysis. MoSOP is no less rehabilitative by its nature because the consequence for failing to satisfactorily complete the program is certain as opposed to discretionary. "'There is no constitutional or inherent right to early release from prison.'" *Rentschler*, 311 S.W.3d at 786 (quoting *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 134 (Mo. banc 1995) (other citations omitted)). "Conditional release is unknown to the common law; it derives solely from the statutory authority that created it." *Id*. "'[W]here the right exists only by state law, *it is not protected by substantive due process* and 'may constitutionally be rescinded so long as the elements of procedural due process are observed.'"" *Id*. (quoting *State ex rel. Cavallaro*, 908 S.W.2d at 135, 136) (other citations omitted) (emphasis added)).

The Appellants' substantive due process rights have not been violated even presuming that the Board extended their conditional release dates in reliance on the 2011 amendment to section 589.040.2. The obligation to satisfactorily complete MoSOP as a statutory condition to the right to conditional release does not recast MoSOP from a rehabilitative to a punitive program.

Point Three is denied.

---

[9]We express no opinion about whether the legislature intended the 2011 amendment to section 589.040.2 to apply to inmates sentenced before the amendment's effective date, or whether the Board retains discretion pursuant to section 558.011.5 with respect to such inmates.

13

## Conclusion

The trial court's Judgment is affirmed.

_____

Cynthia L. Martin, Judge


All concur