

# Missouri Court of Appeals

## Southern District

### Division One

GEORGE F. ALDRIDGE, JR., )
)
Appellant, )
) No. SD36999
vs. )
) **Filed: May 10, 2022**
BRIAN HOSKIN, *et al.*, )
)
Respondents. )

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David A. Dolan, Judge

**<u>AFFIRMED</u>**

George Aldridge, Jr., is an inmate in the Missouri Department of Corrections ("DOC"). He sued six DOC corrections officers ("Respondents") for an alleged failure to return a radio/cassette player and personal photos to him after his release from administrative segregation. The trial court entered judgment against Aldridge on his pleadings, finding that his claims failed as a matter of law and were time-barred by § 516.145.[1] We affirm.

---

[1] All statutory references are to the RSMo. (2016).

Invocation of a statute of limitations is an affirmative defense that ordinarily must be raised in a responsive pleading and proven with evidence. ***Brown v. Pint***, 632 S.W.3d 453, 456 (Mo.App. 2021) (citing Missouri Supreme Court Rule 55.08 (2020)). If the petition clearly shows that a cause of action is barred by the statute of limitations, it is appropriate to sustain a motion to dismiss on that ground, ***id.***, or to sustain a motion for judgment on the pleadings on that ground. ***Holmes v. Missouri Bd. of Prob. & Parole***, 640 S.W.3d 759 (Mo.App. 2021). "The correct application of the statute of limitations is a question of law we review *de novo*." ***Id.*** at 761.

"Judgment on the pleadings is only appropriate when the question before the court is strictly one of law." ***Good Hope Missionary Baptist Church v. St. Louis Alarm Monitoring Co., Inc.***, 306 S.W.3d 185, 190 (Mo.App. 2010). "The party that moves for judgment on the pleadings admits, for purposes of the motion, the truth of all well-pleaded facts in the opposing party's pleadings." ***Id.*** at 191.

Section 516.145 provides a one-year statute of limitations for "all actions brought by an offender . . . against the department of corrections or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty." "[A] cause of action shall be deemed to accrue 'when the damage resulting therefrom is sustained and is capable of ascertainment.'" ***Cooper v. Minor***, 16 S.W.3d 578, 581 (Mo. banc 2000) (quoting from § 516.100).

Appellant pleaded that he was entitled to possession of the radio/cassette player on November 3, 2017, and to possession of the photographs on February 27, 2018. He presents no argument that the alleged damages were not capable of ascertainment as of those dates. Aldridge filed administrative grievances, but he did not file this action until

March 14, 2019, more than a year after his alleged damages were capable of ascertainment.

Aldridge argues § 516.145 is "merely directory." Missouri courts have not construed this statute so narrowly or with such disfavor. "The word 'all' prefacing the word 'actions' indicates that the legislature did not intend for there to be any type of claim that an offender could bring that would be an exception to the one-year time limit in § 516.145." *Kinder v. Missouri Dept. of Corr.*, 43 S.W.3d 369, 373 (Mo.App. 2001).

Aldridge also argues § 516.145 does not completely foreclose relief because it only applies to claims against DOC employees in their official capacities, but he sued them in both official and individual capacities.

"The phrase 'act in an official capacity' means that a public servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic." *Id.* "In its plain and ordinary meaning, the phrase is used to delineate between an action performed for work purposes rather than for personal ones." *Id.*

"Under Missouri pleading rules, to state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial." *Charron v. Holden*, 111 S.W.3d 553, 555 (Mo.App. 2003). Bare conclusions do not meet this standard. *Id.*

Aldridge only alleged claims against Respondents in their official capacities, not that they violated a duty owed to him in their personal capacities outside of or beyond their capacities as DOC employees. Because Aldridge asserted claims against Respondents only in their official capacities, the § 516.145 one-year statute of limitations

3

applies to all of his stated claims.[2]

Aldridge alternatively argues for equitable tolling of the statute of limitations. "[W]hile every cause of action has a time of accrual, not every cause of action is subject to tolling." **State ex rel. Beisly v. Perigo**, 469 S.W.3d 434, 437 (Mo. banc 2015). "'The statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the Legislature and the courts are not empowered to extend those exceptions.'" **Cooper**, 16 S.W.3d at 582 (quoting **Wilkinson v. Bennett Const. Co.**, 442 S.W.2d 166, 168 (Mo.App. 1969)).

Aldridge alleges that he was burdened by delays that occurred because he had to pass his mail through DOC staff. By themselves, general difficulties communicating while incarcerated cannot toll a statute of limitations that, by its plain words, only applies to actions "brought by an offender." Such difficulties were foreseeable and certainly could have been, but were not, excepted by the legislature when it enacted § 516.145. Furthermore, even if equitable tolling could be applied to § 516.145, a decision we leave for another day, Aldridge has not shown that he *attempted* to timely file suit but was precluded from doing so by extraordinary circumstances beyond his control. *See* **Ambers-Phillips v. SSM DePaul Health Ctr.**, 459 S.W.3d 901, 907–08 (Mo. banc 2015) (equitable tolling recognizes the restrictions imposed by statutes of limitations do not further the purpose of diligence in pursuit of rights when extraordinary circumstances beyond a plaintiff's control prevented a plaintiff from pursuing his or her rights).

---

[2] Aldridge's pro se petition is difficult to interpret. The introductory paragraph names several causes of action all related to the alleged loss of his property. He then goes on to recite allegations of fact for several pages without relating why and how those facts constitute a cause or causes of action. Our attempt to interpret his stated causes of action for statute of limitations purposes should not be construed as an affirmation of the sufficiency of his pleadings to sufficiently state any particular cause of action.

Aldridge did not file his civil action against Respondents within one year of the accrual of his cause(s) of action for alleged deprivation of personal property. Based on the one-year statute of limitations in § 516.145, the trial court did not err in granting judgment on the pleadings. Points denied. Judgment affirmed.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS

5