Justin DEPAUW,
Petitioner/Respondent,

v.

Al LUEBBERS and Steve Long,
Respondents/Appellants.

No. ED 92383.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 26, 2009.

Justin Depauw, Farmington, MO, pro se.

Christopher A. Koster, Andrew W. Hassell, Jefferson City, MO, for Appellant.

SHERRI B. SULLIVAN, J.

*Introduction*

Al Luebbers, Superintendent of the Farmington Correctional Center, and Steve Long, Director of the Missouri Board of Probation and Parole (collectively Appellants), appeal from the circuit court's judgment granting Justin Depauw's (De-

pauw) petition and entering a writ of prohibition against Appellants prohibiting them from extending Depauw's June 25, 2009 conditional release date for failing to complete the Missouri Sex Offender Program (MoSOP). Having determined that the circuit court failed to follow the applicable statutes, the judgment is reversed and remanded to the circuit court with directions to quash the writ.

*Factual and Procedural Background*

In October 1994, Depauw was sentenced to two 5–year terms of imprisonment on convictions for first-degree property damage and receiving stolen property. In March 1995, Depauw was sentenced to a 2–year term for first-degree sexual abuse. Depauw never successfully completed MoSOP while serving his sentence for the sexual abuse conviction. After completing the sexual abuse sentence, but while still serving his other sentences, Depauw was convicted of possession of a controlled substance. In June 1998, Depauw was sentenced to 14 years for the possession conviction and was given a conditional release date of June 25, 2009.

On April 17, 2008, a conditional release extension hearing was held by the Missouri Board of Probation and Parole (Board) to consider whether Depauw violated the rules and regulations of the Division of Rehabilitative Services (Division). On May 9, 2008, the Board issued an order extending Depauw's conditional release date to June 25, 2012, his maximum release date, based on his failure to complete MoSOP on his conviction for possession of a controlled substance.

On September 11, 2008, Depauw filed a petition for writ of prohibition in the circuit court seeking an order preventing Appellants from extending his conditional release date based on his failure to complete MoSOP because he was not serving a sentence related to a sex offense.

On December 11, 2008, the circuit court granted Depauw's petition. The court found that Depauw was not required to complete MoSOP pursuant to Section 589.040.1 because he was not currently serving a sentence for a sexual assault offense. The court also found that the Department of Corrections (DOC) and the Board were not authorized by Sections 589.040 and 558.011.5 to extend the conditional release date of an inmate who fails to complete the program if the inmate is not serving a sentence for a sexual assault offense. The court entered judgment granting the petition and prohibiting Appellants from extending Depauw's June 25, 2009 conditional release date for failing to complete MoSOP. This appeal follows.

*Point on Appeal*

On appeal, Appellants argue the circuit court erred in ordering them to reinstate Depauw's conditional release date because the Board properly extended Depauw's conditional release date in that DOC had the authority to require Depauw to complete MoSOP and Depauw failed to do so.

*Standard of Review*

"The standard of review for writs of mandamus and prohibition ... is abuse of discretion, and an abuse of discretion occurs where the circuit court fails to follow applicable statutes." *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007).

*Discussion*

Appellants argue that the circuit court failed to accord proper deference to DOC's power to carry out its mission of rehabilitating inmates and erroneously held that Sections 589.040 and 558.011.5 preclude the Board from extending an inmate's con-

ditional release date on a non-sexual assault sentence when the inmate did not complete MoSOP after DOC ordered him to do so.

One of the "paramount objective[s] of the corrections system is the rehabilitation of those committed to its custody." *Pell v. Procunier*, 417 U.S. 817, 823, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). To further this objective, DOC is charged with classifying inmates and assigning them to appropriate activities and treatment. Section 217.335. Inmates are required to participate in the activities and rehabilitative programs prescribed by DOC. Section 217.337. DOC has wide discretion in deciding on an inmate's appropriate classification and assignments. See *Boone v. Danforth*, 463 S.W.2d 825, 829 (Mo.1971).

In this case, DOC determined that Depauw needed to complete MoSOP to help ensure that he was not at risk of committing another sex crime upon his release from prison. DOC's finding that this program was necessary for Depauw's rehabilitation is buttressed by Depauw's failure to complete MoSOP during his sentence for sexual assault.

Depauw's primary contention,[1] which was accepted by the circuit court, is that Section 589.040 does not authorize DOC to require him to complete MoSOP if he is not currently incarcerated on a sex offense. We disagree.

Section 589.040 provides that DOC "shall develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual assault offenses" and that "[a]ll persons imprisoned by [DOC] for sexual assault offenses shall be required to suc-cessfully complete [MoSOP]." Section 589.040. The goal of the rehabilitative sex offender program is to prevent future sexual assaults by the participants in the program. Section 589.040.1.

While Section 589.040 provides that all inmates currently serving sentences for sexual assault are required to complete the program, the statute does not indicate that *only* those inmates can participate in the program. Nor does the statute suggest, explicitly or implicitly, that DOC cannot require someone serving a non-sexual assault sentence to participate in these programs. Simply stated, nothing in Section 589.040 prohibits DOC from utilizing MoSOP programs to fulfill its responsibilities in the classification, treatment, and rehabilitation of inmates serving sentences on non-sexual offenses.

In this case, DOC advised Depauw that he needed to complete MoSOP in order to be conditionally released, an action DOC was permitted to do as part of its responsibility to classify and rehabilitate inmates. Depauw refused to complete the program even though he was required to participate in rehabilitative programs prescribed by DOC. Pursuant to Section 558.011, the Board may extend an inmate's conditional release date for failing to follow the rules and regulations of the Division. Section 558.011.5.

As such, we find that the Board did not err in extending Depauw's conditional release date for failing to participate in MoSOP.

### Conclusion

The circuit court erred in applying the statutes and in entering the writ. Accordingly, the judgment is reversed and re-

---

1. Depauw did not file a Respondent's brief in this appeal, so any representations of Depauw's positions are taken from his original petition for writ of prohibition and suggestions in support of that petition.

manded to the circuit court with directions to quash the writ.

ROBERT G. DOWD, JR., P.J., and CLIFFORD H. AHRENS, J., concur.