**Daniel WINFREY, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, et al.,**
**Respondents.**

**WD 80033**

Missouri Court of Appeals,
Western District.

OPINION FILED: MAY 30, 2017

Paul L. Schmitz, St. Louis, MO, Counsel for Appellant.

Michael J. Spillane, Jefferson City, MO, Counsel for Respondents.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor Howard, Judge, Cynthia L. Martin, Judge

Anthony Rex Gabbert, Judge

## Introduction

Daniel Winfrey ("Winfrey") appeals the decision by the Cole County Circuit Court ("circuit court") granting Respondents' motion for summary judgment and denying both Winfrey's petition for declaratory judgment and motion for preliminary injunction. In his pursuit of a motion for preliminary injunction and his request for declaratory judgment, Winfrey alleged that the Board of Probation and Parole erroneously interpreted Section 589.040 [1] and asked the circuit court to declare Winfrey's completion of a Colorado sex offender program qualifies him for parole release. Additionally, Winfrey asked the circuit court to grant a preliminary injunction directing Respondents to provide Winfrey with an immediate parole hearing. The circuit court denied both of these requests and instead granted Respondents' motion for summary judgment. On appeal, Winfrey argues that the circuit court's granting of Respondents' motion for summary judgment was clearly erroneous because: (1) Winfrey's successful completion of the Colorado Sex Offender Program is sufficient to satisfy the requirements of Section 589.040, there is factual evidence in the record that this misinterpretation of the statute was the only actual basis for denying Winfrey's parole, and the Missouri Board of Probation and Parole's ("the Board") stated reasons for denial of parole are pretextual, arbitrary, capricious and an abuse of discretion; (2) the circuit court's granting of Respondents' motion for summary judgment was clearly erroneous because Respondents' refusal to treat Winfrey's successful completion of the Colorado Sex Offender program as sufficient to satisfy the requirement of Section 589.040 is in violation of Section 217.535.4 in that it deprived Winfrey of a legal right which he would have had if confined in an appropriate institution of the sending state, and; (3) even if the factual evidence in the record demonstrates that the Board actually employed a discretionary and authorized denial of Winfrey's parole release, Respondents' refusal to grant Winfrey credit for the completion of the Colorado Sex Offender program as sufficient to satisfy Section 589.040 and Respondents' refusal to provide Winfrey an opportunity to complete Missouri Sexual Offender Program ("MOSOP") is in violation of Winfrey's rights under Section 217.535.4. We affirm.

## Factual and Procedural Background

On or about September 30, 1992, Winfrey pleaded guilty in the Circuit Court of St. Louis City to two counts of second-degree murder, two counts of forcible rape, three counts of felonious restraint, and one count of first degree of assault. On or about April 16, 1993, Winfrey was sentenced to concurrent terms of imprisonment totaling thirty years. Winfrey served the majority of his Missouri sentence in a Colorado Department of Corrections facili-

---

1. All statutory references are to Revised Statutes of Missouri (RSMo) as supplemented until January 1, 2017.

ty under the Interstate Compact Agreement. Winfrey was transferred to the Colorado Department of Corrections on or about August, 1993. While incarcerated in the Colorado Department of Corrections, Winfrey completed a Sex Offender Program mandated by the state of Colorado. Winfrey was returned to the Missouri Department of Corrections on May 31, 2007 and was released on parole supervision by the Board on June 4, 2007.

On June 28, 2011, Winfrey was returned to Department of Corrections following reports of parole violations for drug use and unpermitted out-of-state travel. On October 13, 2011, Winfrey was re-paroled following the completion of a drug treatment program. On January 2, 2013, Winfrey's parole was again revoked for possession or use of controlled substances, failing to follow the terms of his parole, and failing to complete an outpatient sex offender program.

The Board held a hearing on June 19, 2013 to consider granting Winfrey parole, but concluded that based on his poor field supervision history, there was "a lack of reasonable probability that he would live and remain at liberty without violating the law." The Board also informed Winfrey that he had not completed a Missouri Department of Corrections ("MDOC") approved MOSOP[2] program and would not be eligible for parole consideration until he completed an approved program. Winfrey was given a one year setback for parole release reconsideration.

After Winfrey's initial parole release in 2007, the MDOC changed its interpretation of Section 589.040, specifically, what rehabilitation programs satisfy the re-

quirements in subsection 1. The MDOC's updated interpretation requires the completion of a Missouri Sex Offender Program and no longer accepts out of state programs to satisfy Section 589.040.2[3]. After his June 2013 hearing, Winfrey sent a letter seeking clarification on the requirement that he complete MOSOP. In this letter, Winfrey explained that he had already completed the Colorado Sex Offender Program. In August of 2013, Winfrey received a reply from the District Administrator of the Farmington Correctional Center explaining that "sex offender treatment in another State no longer meets the requirement to statutorily complete MOSOP before parole release."

On October 14, 2013, Winfrey sent a follow-up letter to Dr. Markway with the MOSOP treatment team. Winfrey received a response from a mental health contract monitor, Mr. Scott O'Kelley. In his letter, O'Kelley explained that while the language of Section 589.040.1 had not changed, the interpretation by the DOC had changed so that "[A]ll persons imprisoned by the Department of Corrections for sexual assault offenses must complete a sex offender program developed by the director of (Missouri) Department of Corrections."

On June 8, 2014, Winfrey was granted a second parole hearing and was again denied parole. As the basis for its decision to deny Winfrey release, the Board cited that, "there does not appear to be a reasonable probability at this time that the offender would live and remain at liberty without again violating the law based on: A. Poor field supervision history." This decision is dated August 27, 2014. Winfrey

---

**2.** "MOSOP" stands for Missouri Sex Offender Program.

**3.** Subsection 2 provides that: "All persons imprisoned by the department of corrections for sexual assault offenses shall be required to

successfully complete the programs developed pursuant to subsection 1 of this section prior to being eligible for parole or conditional release."

is scheduled for reconsideration in June of 2018.

On April 25, 2016, Winfrey filed a petition for declaratory Judgment in the circuit court seeking a declaration of his rights and injunctive relief. In these motions, Winfrey presented that his remedy at law for the Board's erroneous interpretation and application of Section 589.040 is inadequate and he therefore was in need of temporary relief from the irreparable injury of being denied parole release. On June 3, 2016, the Board filed a motion for summary judgment and a proposed Decision, Judgment and Order, arguing that there were no genuinely disputed issues of material fact and that Respondents should prevail as a matter of law. On August 22, 2016, the circuit court denied Winfrey's request for an evidentiary hearing and for injunctive relief and granted Respondents' motion for summary judgment. This appeal follows.

## Standard of Review

■ "Appellate courts review a grant of summary judgment *de novo*." *City of De-Soto v. Nixon*, 476 S.W.3d 282, 286 (Mo. banc 2016). When considering appeals from summary judgments, an appellate court will review the record in the light most favorable to the party against whom judgment was entered. *Id.* Where a circuit court has relied on independent grounds for its ruling, an appellant must demonstrate that each of the reasons cited by the court was erroneous, and if an appellate court agrees with any one of the reasons it must affirm. *Bray v. Mo. Dep't of Corrections*, 498 S.W.3d 514, 516 (Mo. App. 2016). The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propri-

ety of sustaining the motion initially. Rule 74.04 [4].

## Point I

■ In his first point on appeal, Winfrey argues that the circuit court erred in granting summary judgment in favor of the Board because his completion of the Colorado sex offender program was sufficient to satisfy the requirements of Section 589.040 and the Board's stated reasons for denying Winfrey parole were pretextual, arbitrary and capricious, and an abuse of discretion.

■ The plain language of Section 217.690.4 clearly establishes that the Board has the authority to create eligibility requirements for parole. *Anselmo v. Mo. Bd. of Prob. & Parole*, 27 S.W.3d 831, 833 (Mo. App. 2000). The parole statute allows release of an inmate if in the opinion of the Board of Probation and Parole there is a reasonable probability that the inmate can be released without detriment to community or himself; it does not create a liberty interest on the part of the prisoner in obtaining parole.

Section 589.040 states as follows:

1. The director of the department of corrections shall develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual assault offenses. When developing such programs, the ultimate goal shall be the prevention of future sexual assaults by the participants in such programs, and the director shall utilize those concepts, services, programs, projects, facilities and other resources designed to achieve this goal.

2. All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs

4. All References are to Missouri Supreme Court Rules.

developed pursuant to subsection 1 of this section prior to being eligible for parole or conditional release.

The Missouri Supreme Court has previously established that each word, clause, and sentence of a statute must be given meaning when interpreting a statute. *Middleton v. Missouri Dept. of Corrections*, 278 S.W.3d 193, 196 (Mo. banc 2009). When read in a way that gives each word, clause and sentence its plain meaning, it is clear from the statute that sexual offenders must complete a program developed by the Director of the Missouri Department of Corrections. Absent any evidence to the contrary, we assume that the Colorado sexual offender rehabilitation program that Winfrey completed prior to his 2007 parole was not developed by the Director of the Missouri Department of Corrections. Under a plain meaning reading of Section 589.040, one cannot conclude that the Colorado program can be substituted for a Missouri Department of Corrections developed program in a way that satisfies the statutory requirements.

Further, even if the Colorado rehabilitation program was considered sufficient to satisfy the statutory requirements, because Winfrey violated the terms of his parole, the Board has the authority to create the eligibility requirements for a potential future parole release. Given the nature of his original crimes, the Board was also within its authority to require that Winfrey complete another sex offender program for the purpose of preventing further detriment to the community or Winfrey himself if and when he may be paroled at a future date.

■ Winfrey also argues that the Board's stated reason for denying him parole is merely pretextual, and therefore, a violation of his due process rights. This argument is unsupported by both the record and the law. The record on appeal shows that on both the July 9, 2013 and the August 27, 2014 hearing dates, the Board made two separate findings that, "there does not appear to be a reasonable probability at this time that the offender would live and remain at liberty without again violating the law based on: poor field supervision history." Without more than a mere belief that this stated reason is "pretextual," we cannot take Winfrey's assertion as fact. Further, the Supreme Court has established that the statute which allows release of an inmate if in the opinion of the Board of Probation and Parole there is a reasonable probability the inmate can be released without detriment to community or himself does not create a liberty interest on the part of the prisoner in obtaining parole. As discussed above, regardless of the fact that he completed a sexual offender treatment program and his parole infractions did not involve sexual crimes, given the severity of his initial crimes that included murder and rape, and the fact that he was flagrantly and consciously violating the laws of Missouri while on parole, the Board was well within its discretion to determine that Winfrey needed to complete Missouri's program even though he had already completed another state's program. The "poor field supervision history" notation clearly relates to his failure to follow the terms of his parole, including drug violations. While drug violations may seem "pretextual" to a person who has not committed murder and rape, drug violations are not minor violations in the eyes of the law, particularly for someone who has been given the early opportunity for freedom after committing dangerously violent crimes.

While the Board did inform Winfrey that he does not qualify for parole because he had failed to complete a MOSOP program, this does not, without more, establish that the Board's stated reason for

denying him parole was pretextual. The record on appeal demonstrates that Winfrey was given two separate hearings and on both occasions, the Board determined that because of his past parole violations (drug use, unapproved out of state travel, failure to complete mandatory therapy) there was not a reasonable probability that he could be released without detriment to community or himself.

As provided by Section 217.690.4, the Board was within its authority to re-interpret the parole eligibility requirements in a way that no longer accepted out of state sexual offender rehabilitation program credits under Section 589.040. Based upon the Board's authorized and discretionary reinterpretation of parole eligibility requirements, the Colorado sex offender program was insufficient to satisfy the requirements of Section 589.040, and therefore the circuit court did not err in granting summary judgment in favor of the Board. Point one is denied.

## Point II

■ Next, Winfrey argues that the circuit court erred in granting the Board's motion for summary judgment because the Board's refusal to treat Winfrey's completion of the Colorado sex offender program as sufficient to satisfy the requirements of Section 589.040 was in violation of Section 217.535.4(e) [5] in that it deprived Winfrey of legal rights which Winfrey would have had if confined in an appropriate institution of the sending state.

Section 217.535.4(e) provides:

All inmates who may be confined in an institution pursuant to the provisions of this compact shall be treated in a reasonable and humane manner and shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution. The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state.

In essence, Winfrey argues that had he not been involuntarily transferred to a Colorado facility but had instead remained incarcerated in Missouri, he would have been required to complete MOSOP prior to his original 2007 parole date, and in effect, would not have been denied reparole in 2013 and again in 2014. Explained differently, Winfrey argues that by denying acknowledgement of his completion of the Colorado program, a program that Missouri required him to complete, the Board is denying him the same rights he would have otherwise had if confined in Missouri.

The record on appeal clearly establishes that Winfrey was denied parole because of his numerous parole violations. Winfrey was granted parole by the Board not once, but twice and was unable to comply with the required terms of his parole. Winfrey again ignores the Board's specific findings at the conclusion of the 2013 and 2014 parole hearings that "there does not appear to be a reasonable probability at this time that the offender would live and remain at liberty without again violating the law based on: poor field supervision history." Winfrey instead focuses on the Board's secondary statement informing him that the Colorado sexual offender rehabilitation program no longer qualifies under Section 589.040.2, and he will need to complete MOSOP before he can be granted parole. As discussed above, the Board determined that because of his past parole violations (drug use, unapproved out-of-state travel, failure to complete

5. Also referred to as the "Interstate Compact    Agreement."

mandatory therapy) there was not a reasonable probability that he could be released without detriment to community or himself. Section 217.535.4 does not apply here because Winfrey was not denied parole for failure to complete MOSOP and therefore, Winfrey's argument fails. Because the record on appeal clearly establishes that Winfrey was denied parole because of his numerous parole violations and not his failure to complete MOSOP as Winfrey contends, we find no error in the circuit court's granting of summary judgment in favor of the Board. Point two is denied.

## Point III

■ In his last point on appeal, Winfrey argues that the circuit court erred in granting the Board's motion for summary judgment because even if the factual evidence in the record demonstrates that the Board exercised discretion in denying Winfrey's parole release, the Board's refusal to grant Winfrey credit for completing the Colorado sex offender rehabilitation program as well as their refusal to allow him an opportunity to complete MOSOP is a violation of his rights under Section 217.535.4(e).

■ The Department of Corrections may require an offender to complete MOSOP as a condition of parole or conditional release. *Depauw v. Luebbers*, 285 S.W.3d 805, 807 (Mo. App. 2009). Further, the Department of Corrections has wide discretion in deciding on an inmate's appropriate assignments. *Id.*

The record on appeal contains an email from Jay Boresi, legal counsel for the Missouri Department of Corrections to Assistant Attorney Michael Spillane explaining the Board's MOSOP scheduling procedure. Boresi explained, "[s]hould the Board choose to set a presumptive parole date following Winfrey's June 2018 hearing, his MOSOP entry date would be pushed forward." This information not only directly coincides with what Winfrey was told during his June 19, 2013, parole hearing, but it also directly refutes his claim that he is being refused an opportunity to complete MOSOP. Winfrey has twice been denied a presumptive parole date because of his poor field supervision history, thereby giving the Board reason to believe that he cannot live at liberty without violating the law, not because the Board is preventing him from completing MOSOP. Winfrey's argument fails because it is clear that the Board is not "refusing to allow him an opportunity to complete MOSOP", but rather exercising its discretion in: 1) requiring Winfrey to complete MOSOP before a future parole release date and; 2) using its discretion on when to assign him to complete the program. We find no error in the circuit court's granting summary judgment in favor of the Board on this issue. Point three is denied.

## Conclusion

We conclude, therefore, that the trial court did not err in granting summary judgment in favor of the Board because: 1) the Colorado sex offender program was insufficient to satisfy the requirements of Section 589.040; 2) the record on appeal clearly establishes that Winfrey was denied parole because of his numerous parole violations and not his failure to complete MOSOP and therefore his rights under Section 217.535.4(e) were not violated and; 3) Winfrey has failed to demonstrate that the Board is denying him the opportunity to complete MOSOP. We affirm the circuit court's granting of summary judgment in favor of the Board.

All concur.