**Timothy S. BRANDON, Respondent,**

v.

**STATE of Missouri, Appellant.**

**WD 79186**

Missouri Court of Appeals,
Western District.

OPINION FILED: July 25, 2017

Susan L. Hogan, Appellate Defender, Kansas City, MO, Attorney for Respondent.

Joshua D. Hawley, Attorney General, and Rachel Flaster and Christine Lesicko, Assistant Attorneys General, Jefferson City, MO, Attorneys for Appellant.

Before Division IV: Mark D. Pfeiffer, Chief Judge, and James Edward Welsh and Edward R. Ardini, Jr., Judges

Mark D. Pfeiffer, Chief Judge

The State of Missouri ("State") appeals from the Judgment of the Circuit Court of Clay County, Missouri ("motion court"), granting, after an evidentiary hearing, Timothy Brandon's ("Brandon") amended Rule 24.035 [1] motion for post-conviction relief, in which he alleged that he received ineffective assistance of counsel. Because the motion court clearly erred in granting post-conviction relief, we reverse.

### Factual and Procedural History

The State charged Brandon by information with one count of statutory sodomy in the first degree. An amended information alleged that Brandon was a prior offender. A jury trial began on January 6, 2014. The next day, after the State called two witnesses, the parties reached a plea agreement. The State agreed to file a second amended information charging Brandon with the class C felony of domestic assault in the second degree and to dismiss an unrelated drug case upon the plea court's acceptance of Brandon's guilty plea. The State and Brandon agreed to jointly recommend a seven-year sentence in the Missouri Department of Corrections.

---

1. All rule references are to I MISSOURI COURT RULES—State (2017).

The plea court then conducted a plea hearing based on Brandon's petition to enter a plea of guilty as charged in the second amended information. The plea court informed Brandon of his rights and found that he knowingly and voluntarily waived them and entered a plea of guilty to the class C felony of domestic assault in the second degree. The plea court sentenced Brandon to seven years' imprisonment.

Thereafter, Brandon timely filed a *pro se* Rule 24.035 motion. Appointed counsel timely filed an amended motion. Pertinent to this appeal, Brandon alleged that plea counsel provided ineffective assistance when she incorrectly and affirmatively advised Brandon that, if he pleaded guilty, he would not be required to complete the Missouri Sex Offender Program ("MoSOP") or be treated as a sex offender while in prison and on parole. Brandon alleged that "[t]his misadvice rendered [his] plea unknowing, involuntary, and unintelligent." He stated that he was prejudiced by receiving this misinformation because, had plea counsel correctly advised him, he would not have pleaded guilty and would have insisted on going to trial.

Brandon alleged that plea counsel told him that domestic assault in the second degree was not an offense for which he would be required to complete MoSOP or be supervised as a sex offender because it was not a sex crime under Missouri law. Nonetheless, upon arrival at the Department of Corrections, Brandon was advised that the Board of Probation and Parole would release him on his parole date of July 25, 2016, if he successfully completed MoSOP; and, if he declined to participate in MoSOP, his parole would be extended out to a date between July 25, 2016, and possibly to a date as late as his conditional release date of January 25, 2017.

The motion court conducted an evidentiary hearing. Plea counsel testified that she told Brandon he would not have to admit to any sex offense or register as a sex offender because he would not be pleading guilty to a sex offense, and he would not be required to successfully complete MoSOP. Brandon testified that he would not have pleaded guilty but for the incorrect advice he claimed to have received from plea counsel.

Christina McCarthy, the district administrator with the Department of Probation and Parole at the Farmington Correctional Center, testified via deposition. She identified MoSOP as a Department of Corrections policy implemented by the Board of Probation and Parole. She described MoSOP as "a program to assist sexual offenders with reducing their recidivism rate before they get released back into the community." She explained that participation in MoSOP is statutorily mandated for offenders in prison for sexual offenses; and, the Board of Probation and Parole may also at its discretion impose successful completion of MoSOP as a condition of parole for any offender regardless of the offense for which the offender was convicted. Ms. McCarthy then explained that the Parole Board essentially offered Brandon the option of being paroled six months prior to his conditional release date in exchange for successful completion of MoSOP.

Irrespective of Brandon's decision to participate in MoSOP or not, however, Brandon's seven-year sentence imposed by the plea court was not impacted in any fashion whatsoever and, in fact, Brandon was released on January 25, 2017, well in advance of a full seven-year prison term.

The motion court entered its judgment granting Brandon's amended Rule 24.035 motion, and the State timely appealed.

## Standard of Review

A judgment sustaining a motion filed under Rule 24.035 is a final judgment

for purposes of appeal by the State. Rule 24.035(k). Appellate review is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Id.* "The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *Hendrix v. State*, 473 S.W.3d 144, 148 (Mo. App. W.D. 2015).

## Point I—Ineffective Assistance of Counsel

■ In Point I, the State asserts that the motion court clearly erred in granting Brandon's claim of ineffective assistance of counsel and finding that his plea was involuntary because Brandon was not misled or induced to plead guilty by mistake or misapprehension. We agree and find Point I dispositive of the appeal.

■ When a conviction results from a guilty plea, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). To prevail on a claim of ineffective assistance of counsel, Brandon must establish that plea counsel's performance was not that of a reasonably competent attorney, and he was thereby prejudiced. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Roll*, 942 S.W.2d at 374-75. "If either the performance prong or the prejudice prong is not met, then we need not consider the other, and [Brandon's] claim of ineffective assistance of counsel must fail." *Neal v. State*, 379 S.W.3d 209, 216 (Mo. App. W.D. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Id.*

■ The *Strickland* "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S.Ct. 366. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

After reviewing the entire record, we conclude that the motion court clearly erred in granting Brandon's claim of ineffective assistance of counsel when it found that Brandon met the prejudice prong of the *Strickland* test.

The State originally charged Brandon by information with one count of the unclassified felony of statutory sodomy in the first degree, which has a range of punishment of life imprisonment or for a term of not less than ten years. An amended information alleged that Brandon was a prior offender. On the second day of a jury trial, after the State called two witnesses, the parties reached a plea agreement. Under the terms of the plea agreement, the State agreed to file a second amended information charging Brandon with the class C felony of domestic assault in the second degree and agreed to dismiss an unrelated drug case upon the court's acceptance of Brandon's guilty plea. The State and Brandon jointly recommended a seven-year sentence in the Missouri Department of Corrections. The plea court examined Brandon about his understanding of the plea agreement:

**Q:** Is that the full extent of the agreement as you are aware of it?

**A:** Yes, sir.

**Q:** Have you been given any other promise or assurance that's caused you to plead guilty in this case?

**A:** No, sir.

**Q:** Now, you understand that the State's position, including a joint recommendation, is not binding on me. In other words, I don't have to do it?

**A:** Yes, sir.

. . . .

**Q:** Now, the range of punishment in your case is one day to seven years incarceration, or a fine up to $5,000, or any combination of fine and incarceration. Do you understand that?

**A:** Yes, sir.

After further questioning, the court concluded that Brandon knowingly and voluntarily entered a plea of guilty to the class C felony of domestic assault in the second degree and sentenced him to the parties' recommended seven years' imprisonment.

In his amended Rule 24.035 motion, Brandon alleged his plea counsel told him that "domestic assault in the second degree is not an offense for which he would have to complete the MOSOP program or be supervised as a sex offender, because it is not a sex crime under Missouri law." This, Brandon argues, proved to be incorrect as he claims that he was advised by the Board of Probation and Parole that he would be *required* to participate in MoSOP. Brandon alleged that if counsel had correctly advised him, he would not have pleaded guilty and would have insisted on going to trial.

At the evidentiary hearing on Brandon's amended motion, plea counsel testified that, prior to trial, Brandon was not willing to plead to any kind of charge that was a sex offense. When the State made a plea offer for a non-sex charge, Brandon "wanted to know that he would not be treated as a sex offender." Plea counsel testified:

> I explained to him, because I believed this to be the truth, that absolutely not, he would be pleading to a non-sex charge, that there's no language in it about any sort of sexual misconduct and, therefore, he would not have to register as a sex offender, nor would he have to complete any programs in the Department of Corrections under MOSOP, and he certainly wouldn't have to admit to any sex offense because he didn't plead guilty to a sex offense.

In fact, *none* of this advice was in error. In fact, Brandon did *not* admit to a sex offense in his guilty plea. In fact, Brandon was *not* required to register as a sex offender. And, in fact, Brandon was *not* compelled to participate in MoSOP while in prison. Instead, Brandon was given an option by the Board of Probation and Parole: Successfully complete MoSOP and the parole date would be July 25, 2016; or, should Brandon refuse to participate in MoSOP, his parole would be delayed up to six months. Brandon's seven-year sentence was not impacted, and no punishment was added to the sentence that Brandon confirmed at his plea hearing he understood he may end up serving in its entirety.

■ The sole consequence of an inmate's refusal to participate in or complete MoSOP is the possible extension of his conditional release date. *See Depauw v. Luebbers*, 285 S.W.3d 805, 807 (Mo. App. E.D. 2009) (holding that the Department of Corrections is permitted to utilize the MoSOP program to fulfill its responsibility to classify and rehabilitate inmates serving sentences on non-sexual offenses, and the Board may extend an inmate's conditional release date for refusing to complete the program). *See also* § 558.011.5, RSMo 2016 ("The date of conditional release from

the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole."); *Spencer v. State*, 334 S.W.3d 559, 572 (Mo. App. W.D. 2010) ("Failure to complete [MoSOP] does not add additional punishment, such as an additional sentence, beyond that which has already been imposed upon the ... offender." (internal quotation omitted)). During the plea hearing, the plea court questioned plea counsel whether she made any promises to Brandon regarding parole eligibility:

> Q: [Counsel], have you given your client any promise or assurance as to when he may be eligible for parole if he is sent to the Department of Corrections?
>
> A: No, Your Honor. We have talked about percentages and possibilities, but no guarantees on when he would be released.
>
> Q: All right.

The plea court then questioned Brandon:

> Q: Sir, in pleading guilty here today, are you relying on any promise or assurance or advice from anyone as to when you may be eligible for probation or for parole if you are sent to the Department of Corrections?
>
> A: No, sir.
>
> Q: You understand that no one can make you any such promise or assurance, and any advice you may receive along those lines is really nothing more than guesswork because you might have to serve every day of whatever sentence you receive in this case. Do you understand that?
>
> A: Yes, sir.

The record reflects that Brandon pleaded guilty with the understanding that he might have to serve his entire sentence, and plea counsel did not promise or assure him otherwise. The motion court clearly erred in finding that Brandon "possessed a mistaken belief about the true nature and extent of what his sentence would be" and was prejudiced by plea counsel's advice.

Because Brandon has failed to satisfy the *Strickland* prejudice prong, we need not consider the performance prong. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

Point I is granted.[2]

### Conclusion

The motion court's judgment is reversed.

James Edward Welsh and Edward R. Ardini, Jr., Judges, concur.

---

2. Because we have granted the relief requested by the State in Point I and have reversed the motion court's judgment, we need not and do not address the remaining points relied on asserted by the State on appeal.